UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN R. ELLIS, *et al.*,

Plaintiffs,

vs.                                  Case No.: 1215-ORL-CIV -22

THE BOARD OF PUBLIC INSTRUCTION
OF ORANGE COUNTY, FLORIDA,

Defendant.
_____/

DEFENDANT'S
MOTION FOR MODIFICATION
OF
STUDENT TRANSFER PROVISIONS
(with citation of authorities)

COMES NOW Defendant, THE BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY, FLORIDA, (now known as The School Board of Orange County, Florida, and referred to herein as "SCHOOL BOARD"), by and through its undersigned attorneys, and moves this Court for an amendment to its Order of September 2, 1980, as subsequently amended by its orders of May 18, 1990 and April 26, 1992, by allowing two additional student transfer options and modifying an existing transfer option.

Defendant has discussed these proposed changes with Plaintiffs' counsel, Norman L. Chachkin, Esq., of the NAACP Legal Defense Fund, Inc., who has consented to the changes.

I.  Relief Sought.

The specific student transfer options proposed by Defendant in this Motion are:

A.  Modify the existing **Mid-Year Transfer Option.**

Currently, when a student's domicile changes during the school year to a home located in another school's attendance zone, the student is only allowed to remain at his original school for the remainder of the semester. Defendant seeks permission from the Court to modify that existing transfer option to allow the student to remain at his original school until the end of the school year, rather than the end of the semester.

This change would promote educational stability and consistency by allowing elementary students to spend the entire school year with the same teacher. Secondary students, who take many linked, two-semester courses (such as most of the math, English, science and history courses), would be able to avoid duplication or skipped coverage of curriculum material that may result if they were to transfer in the middle of the school year.

B.  Authorize the School Board to institute a **Childcare Transfer Option** for students in elementary and middle schools.

Defendant requests leave of Court to institute a transfer option that would allow a student's parent or guardian to apply to Defendant for permission for the student to attend the school serving the area in which the student's after-school childcare provider is located.

If this request is approved by the Court, the School Board would, in connection with administration of the option, require the parent/guardian to verify that the child has had an established relationship with the childcare provider and aver that the

parent/guardian plans to continue that relationship. The parent/guardian may be required by Defendant to provide transportation to and from school for the child as a condition of approval. The School Board may impose additional requirements.

C.  Authorize the School Board to institute a **Workplace Transfer Option** for students in elementary and middle schools.

Defendant requests leave of Court to institute a transfer option that would allow a student's parent or guardian to apply for the student to attend the school serving the area in which one of the parents/guardians is regularly employed.

If the Court approves the establishment of this transfer option, the School Board, in connection with administration of the option, would require the parent/guardian to verify that he/she has been regularly employed on a full-time basis by the employer at a location within the school attendance zone to which transfer is sought and plans to continue that relationship. The parent may be required by Defendant to provide transportation to and from school for the child as a condition of approval. The School Board may impose additional requirements.

II.  <u>Background</u>.

As a general rule governing student assignment to schools, students must attend the school in whose attendance zone they are domiciled. However, for nearly twenty years, Defendant School Board has operated with a considerable number of student transfer options. Several, such as the Majority-to-Minority transfer option, are even older than that, going back to the early days of this litigation, while several have been added in the past decade.

Transfer provisions that have been proposed by the School Board and accepted by the Plaintiffs and the Court over the years, and which are currently in effect, include:

- majority-to-minority transfers—A student whose race comprises a majority of the student body at his "home school" (*i.e.*, the school in whose attendance zone he has his domicile) may transfer to a school in which his race would be in the minority.

- health transfer option—This option permits the School Board to allow students with a bona fide medical or psychological condition (verified by an appropriate health care provider and subject to examination by a Board-selected provider) warranting transfer to do so.

- school personnel transfer option—This provision allows children of a full-time staff member at a school to attend the school where their parent works.

- graduation transfer option—This option is used to ameliorate the effect of School Board decisions changing the attendance zone for high school students The provision authorizes the School Board to allow rising high school seniors to remain at their original high school for an additional year so that they have the opportunity to graduate from the school where they have spent the majority of their high school years.

- mid-year transfer option—This option allows students who have changed their residence in the middle of a school year from one school's attendance zone to another (typically due to the parents relocating within the county) to continue attending the original school through the end of the grading period. (This is the provision Defendant proposes modifying in this Motion, by allowing the student to remain through the end of the school year rather than the end of the semester.)

- exceptional student transfer option—This option allows the District to assign special-needs students (students with mental or physical disabilities or for whom English is not their native language) to schools with special programs more suitable for them.

- sibling transfer option—To facilitate keeping family members at the same school, this transfer provision allow the School Board to permit siblings of special-needs students of attending school with the disabled or language-deficient brother or sister.

- academic transfer option—If a student begins a program of study in middle school or high school (for example, Latin I and II) and the natural continuation courses (such as Latin III and IV) are not offered at the student's assigned school, the student may be allowed to transfer to another school offering the appropriate courses.

- magnet school transfer option—The Board has established a number of magnet programs at various schools in the District. These are programs emphasizing a specific area, such as law, tourism industry, or engineering or offering an unusually rigorous academic program, such as the International Baccalaureate Program. Students who meet the academic qualifications for admission to such a program are allowed to transfer to the school where the program is offered.

- string instrument program transfer option—Approved by the Court's May 18, 1990 Order, this provision allows secondary school students who have participated for two years in an elementary school string instrument program or who have demonstrated an unusual aptitude for music to transfer into a secondary school offering a string instrument program. It is a species of academic or magnet transfer that is available to middle school students as well as high school students.

III. <u>Citation of Authorities</u>.

During the early years of this litigation, rigid controls over student assignment may have been necessary to assure effective desegregation of the schools. Thus, requiring nearly all students to attend the school serving the geographically-defined school attendance zone in which they lived was common in desegregation litigation. In some cases, due to the location where "black" schools and "white" schools were established during the period of segregation, gerrymandering of school attendance zones and other remedies were required by the Supreme Court. See, *e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 91 S. Ct. 1267, 28 L. Ed. 2d 554 (1971).

Unlimited authority to allow parents to select the schools within a school district that their children will attend may foster racial segregation of the schools, as the Supreme Court recognized in *Green v. New Kent County School Bd.*, 391 U.S. 430 (1968). On the other hand, the practice of requiring all students to attend the school nearest their home is not always suitable in today's society. In many cases, a student does not have a parent who remains at home during the day. Because the parent must travel miles from her work site back to a school near her home, it is often difficult to arrange parent/school conferences concerning the student. The Workplace Transfer Option may ease that situation by allowing the child to attend a school near a parent's workplace. The Childcare Transfer Option would assist working parents in providing their children a safe haven after the school day ends, but before the parent returns home from work.

These two options are attempts by the Defendant to adapt to changed social conditions in the operation of its schools.

The modification to the Mid-Year Transfer Option would, as noted above, promote educational stability.

In light of the Defendant's good-faith compliance with this Court's Orders for many years and its demonstrated willingness to avoid the re-establishment of a dual school system, there is no reason to believe that either of these transfer options would be administered in a manner that would materially impair the Defendant's operation of a unitary school system.

WHEREFORE, Defendant respectfully request this Court to enter an Order granting this motion and authorizing Defendant to implement the Workplace Transfer Option, the Childcare Transfer Option, and modifications to the Mid-Year Transfer Option, as outlined above.

Respectfully Submitted,

Andrew B. Thomas, Esq.
FBN 0231649
Attorney for Defendant
1625 Lakeside Drive
Deland FL 32720
phone: (904) 740-0087

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this motion has been furnished by U. S. Mail to Norman L. Chachkin, Esq. at NAACP Legal Defense Fund, Inc., 99 Hudson Street, Suite 1600, New York, NY 10013-2897 this 9th day of August, 2000.

Andrew B. Thomas, Esq.