UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case Number 6:62-cv-1215-Orl-22UAM

EVELYN R. ELLIS, etc., et al.,

        Plaintiffs,

v.

THE BOARD OF PUBLIC INSTRUCTION
OF ORANGE COUNTY, FLORIDA,

        Defendant,

And

IRMA I. CARRASQUILLO, for herself and
on behalf of her minor son J. A. V.,

        Intervenors.

    _____/



**MOTION FOR INTERVENTION
WITH MEMORANDUM OF LAW**

    COME NOW the Intervenors, by and through their undersigned counsel, and move for leave to intervene, as follows:

1. This is a motion for intervention as of right under Rule 24(a)(2), or, in the alternative, for permissive intervention under Rule 24(b)(2), Fed.R.Civ.P.

2. IRMA I. CARRASQUILLO is a resident of Orange County, Florida,

and is the mother of J. A. V., who is a minor at 15 years of age.

3. IRMA I. CARRASQUILLO and J. A. V. are American Citizens of Hispanic origin.

4. J. A. V. is a student in 10th grade at Colonial High School, Orange County, Florida, which is a public school operated by the Orange County School Board and is one of the schools that is or may be affected by any action taken or recommendation made by the Bi-Racial Committee that exists pursuant to rulings of this Court in this case.

5. The Bi-Racial Committee membership is half Black and half White as per rulings of this Court in this case.

6. The racial/ethnic composition of the student body in the public schools of Orange County, Florida, as per the latest numbers published by the Orange County School Board, is the following:

White: 33.62%

Black: 27.46%

Hispanic: 31.16%

7. The racial/ethnic composition of the total population of Orange County, Florida, as per the latest numbers published by the U.S. Census Bureau, is the following:

White: 50%

Black: 20.8%

Hispanic: 24.8%

8. The Intervenors are or may be adversely affected by any action or recommendation of the Bi-Racial Committee, but have no proportionate representation of their ethnicity, and no ethnic representation whatsoever, in said Committee.

9. The current composition of the Bi-Racial Committee negates the desegregation and equal protection objectives of this case in that it leaves without representation approximately one-third of the students in Orange County.

10. Other Courts, such as the U.S. District Court for the Southern District of Florida in the Miami-Dade County Desegregation Case, <u>Pate v. The School Board of Miami-Dade County, Florida</u>, Case No. 69-1020-CIV-Dimitrouleas, have remedied similar situations by converting the Bi-Racial Committee into a Bi-Racial Tri-Ethnic Committee with proportionate representation for the Hispanic population.

11. Rule 24(a)(2), <u>Fed.R.Civ.P.</u>, establishes the right of the Intervenors to intervene in this case in that the Intervenors claim an interest relating to the transaction that is the subject of this action, and are so situated that disposing of the action may as a practical matter impair or impede

the Intervenors' ability to protect their interest, and the existing parties cannot adequately represent that interest. In particular, the interest of the Intervenors is to receive the equal protection of the laws and not to be placed in a position where they are disenfranchised because of their ethnicity from representation in a process that may result in actions adversely affecting them. The Whites and Blacks in the Bi-Racial Committee are not Hispanic, and therefore, cannot adequately represent the interests of the Intrevenors as pertains to their ethnicity.

12. In the alternative, Rule 24(b)(2), Fed.R.Civ.P., permits the Intervenors to intervene in this case in that the Intervenors have a claim that shares with the main action a common question of law and fact. This common question is that the Intervenors are now in a position similar to that of the original Black Plaintiffs, as the Intervenors now lack the same representation that the Blacks lacked in the advisory and decision making process of the School Board before redress was given by this Court.

13. To intervene in school desegregation action as a matter of right, proposed intervenor must demonstrate legally protectible interest in the litigation which is inadequately represented by the parties, and burden is on movant to establish both that school board is acting

contrary to establishment of desegregated or unitary school system and that their interests are not being adequately protected by the existing parties. <u>Bradley v. Pinellas County School Board,</u> 165 F.R.D. 676 (M.D.Fla.1994).

14. For proposed intervenors in school board desegregation case to meet Eleventh Circuit test for permissive intervention, proposed intervenors must set forth precise issues which they seek to represent and ways in which goal of unitary system has allegedly been frustrated and must show that issues they seek to present either have not been raised and resolved by existing parties or that issues were not known to court and existing parties prior to proposed intervenors' motion. <u>Mannings v. School Board of Hillsborough County, Fla.,</u> 151 F.R.D. 133 (M.D.Fla.1993).

15. Intervenors respectfully submit that they meet all requirements for intervention, either as of right or permissive, and that the remedy requested is patently consistent with, and necessary to attain, the objectives of this case.

**WHEREFORE**, the Intervenors respectfully pray that they be allowed to intervene in this case.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

We hereby certify that we have left two voice mail messages and send two e-mail messages to attorney Frank Kruppenbacher, and he has not responded. We will continue to diligently pursue conferring with him and will advise the Court when we do.

### CERTIFICATE OF SERVICE

We hereby certify that copy hereof was e-mailed today to Frank Kruppenbacher, Esq., fklegal@hotmail.com.

Date: January 26, 2010

Counsel for the Intervenors
**CPLS, P.A.**
Attorneys & Counselors at Law
201 East Pine Street, Suite 445
Orlando, FL 32801
Tel 407-647-7887
Fax 407-647-5396
www.cplspa.com
CPLS File No. 1199-1

/s/ Alberto E. Lugo-Janer
Alberto E. Lugo-Janer, Esq.
Florida Bar Number 0972592
alugo-janer@cplspa.com
lugojaner@earthlink.net

/s/ Tee Persad
Tee Persad, Esq.
Florida Bar Number 0045594
attorneypersad@cplspa.com

6

/s/ Cynthia Conlin
Cynthia Conlin
Florida Bar No. 047012
cconlin@cplspa.com

/s/ Evelyn J. Pabon Figueroa
Evelyn J. Pabon Figueroa, Esq.
Florida Bar No. 0015594
epabonfigueroa@cplspa.com